

FILED IN CHAMBERS
U.S.D.C. Atlanta

JAN 30 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-

**DWIGHT ELVIN LEMASTERS**

Case No. 1:07-CR-393-01-JEC

**Defendant's Attorney:**
**Matthew Dodge**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant plead guilty to Counts 1 and 2 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18:2252A(a)(2)(A) | Receipt of Child Pornography | 1 |
| 18:2252A(a)(5)(B) | Possession of Child Pornography | 2 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay the special assessment of **$ 200.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.    7873
Defendant's Date of Birth:    1943
Defendant's Mailing Address:
Lovejoy, Georgia 30250

Date of Imposition of Sentence: November 7, 2008

Signed this the _30_ Day of January, 2009.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

1:07-CR-393-01-JEC : DWIGHT ELVIN LEMASTERS

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **SIXTY (60) MONTHS AS TO COUNT ONE AND COUNT TWO, TO RUN CONCURRENTLY.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

1:07-CR-393-01-JEC : DWIGHT ELVIN LEMASTERS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE**.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance. The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

The defendant shall be on home confinement for ONE (1) YEAR following his release from imprisonment. The probation officer will set the parameters and conditions of defendant's home confinement at the time of the officer's first supervision meeting with the defendant. The officer shall revisit with the Court the terms of this special condition if the officer believes that to be warranted based on the conduct of the defendant. The Officer shall also make monthly reports to the Court concerning the defendant's progress during this first year, unless and until the Court deems this reporting unnecessary. If able, the defendant shall contribute to the cost of electronic monitoring services necessary to implement this special condition.

The defendant shall participate in the mental health aftercare program including psychosexual evaluation and counseling if deemed necessary and comply with the conditions of the sex offender contract under the guidance and supervision of the U.S. Probation Officer. If able, the defendant shall be required to contribute to the cost of services for such treatment.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

The defendant shall participate in the drug/alcohol treatment program as directed by the U. S. Probation Officer and if able, contribute to the cost of services for such treatment.

The defendant shall submit to one drug urinalysis within 15 days after being placed on supervision and at least two periodic tests thereafter.

1:07-CR-393-01-JEC : DWIGHT ELVIN LEMASTERS

The defendant shall submit to a search of his/her person, property, real or personal, residence, place of business or employment, and/or vehicle(s) at the request of the U. S. Probation Officer. The defendant shall permit confiscation and/or disposal of any material considered contraband or any other item which may be deemed to have evidentiary value related to violations of supervision.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime. In addition:

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer within **72** hours of any change in residence or employment;

1:07-CR-393-01-JEC : DWIGHT ELVIN LEMASTERS

7. The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **72** hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.